# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LEMUEL LEAVORD GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 5:14-cv-01284-MHH-SGC |
| | ) | |
| DEWAYNE ESTES, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner Lemuel Leavord Gray seeks habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Mr. Gray challenges his state court conviction and the life sentence he received for unlawfully breaking and entering a vehicle in violation of Alabama Code § 13A-8-11. (Doc. 1, p. 2).[1] The Court denies the petition because Mr. Gray's claims are either unexhausted and procedurally defaulted or meritless.

## I. FACTS AND PROCEDURAL HISTORY

On May 16, 2012, a jury found Mr. Gray guilty of breaking and entering, and the state trial court sentenced him on June 28, 2012. (Doc. 8-1). Based on

---

[1] *See State of Alabama v. Gray*, No. 47-CC-2011-2997 (Cir. Ct. Madison Cty. 2011). The record for the state court action is available on the Alacourt website. The Court takes judicial notice of that record. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to the plaintiff's previous civil action because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b); other internal citations omitted).

four prior convictions, the sentencing court applied Alabama's Habitual Felony Offender Act, ALA. CODE § 13A-5-9, and imposed a life sentence. (Doc. 8-5, p. 21). On July 22, 2012, Mr. Gray filed a direct appeal. (Doc. 8-6, p. 10). Mr. Gray's appointed appellate counsel filed a brief indicating that, despite thoroughly and conscientiously searching the record, he could find no reversible error. (Doc. 8-9, p. 9). This is known as an "*Anders* brief," pursuant to *Anders v. California*, 386 U.S. 738 (1967). The *Anders* brief summarized the evidence and proceedings and discussed objections resolved in favor of the State of Alabama at trial. Those objections pertained to unsuccessful motions to suppress evidence and jury selection. The *Anders* brief did not provide a detailed discussion of other objections or potential grounds for appeal. (Doc. 8-9, pp. 4-9). Mr. Gray's appointed appellate counsel ultimately withdrew. (Doc. 8-9, pp. 12-13; *see also* Doc. 8-10, p. 2).

Following the withdrawal of appellate counsel, Mr. Gray pursued his direct appeal *pro se* and presented two arguments for relief: (1) the denial of effective assistance of trial counsel; and (2) the State's failure to prove the elements of the offense. Mr. Gray's ineffective assistance argument is based on his contention that trial counsel failed to: (1) move for a new trial; (2) request a jury charge on lesser included offenses; (3) challenge jurors who had been victims of the charged offense; (4) generally defend Mr. Gray's right to a trial by jury; (5) object to

hearsay evidence; (6) follow through on an order requiring the prosecution to disclose any deals with Mr. Gray's co-defendant; and (7) raise constitutional challenges to an improper search and seizure. (Exhibit A, pp. 2-3).[2] Mr. Gray's challenge regarding the sufficiency of the evidence is premised on his assertions that: (1) he was never seen with stolen property; (2) he was at work, not at the scene of the crime; (3) he did not commit the crime and was, at most, an accessory after the fact; (4) the sentencing court unlawfully admitted hearsay evidence against him; and (5) the sentencing court improperly instructed the jury on complicity theories of criminal liability. (Ex. A, pp. 3-5).

The Alabama Court of Criminal Appeals affirmed Mr. Gray's conviction and sentence, concluding that "[a]fter thoroughly reviewing the record in this case and Gray's pro se issues, this Court has not found any arguable issues." (Doc. 8-10, p. 2). Mr. Gray applied for rehearing; the Court of Criminal Appeals denied the application. (Doc. 8-11).[3] On August 16, 2013, the Alabama Supreme Court denied Mr. Gray's petition for a writ of certiorari and issued a certificate of judgment. (Doc. 8-12; Doc. 8-13).

---

[2] The Court has obtained a copy of Mr. Gray's *pro se* filing; it is attached to this opinion as "Exhibit A."

[3] In his application for rehearing, Mr. Gray asserted that: (1) his trial counsel was ineffective; (2) his appellate attorney was ineffective for failing to challenge trial counsel's deficiencies; and (3) the Court of Criminal Appeals incorrectly described the record in affirming the sentencing court's judgment. (Doc. 8-11, pp. 2-4).

On September 23, 2013, Mr. Gray filed a state court petition seeking relief from his conviction and sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 8-16, p. 8). The sentencing court denied the Rule 32 petition and denied Mr. Gray's post-judgment motion. (Doc. 8-17, pp. 8-15). Mr. Gray appealed, and the Alabama Court of Criminal Appeals affirmed and overruled his application for rehearing. (Doc. 8-17, p. 6; Doc. 8-19; Doc. 8-20; Doc. 8-21). Mr. Gray filed a petition for writ of certiorari in the Alabama Supreme Court. (Doc. 10, pp. 15-18). The Alabama Supreme Court struck Mr. Gray's petition for writ of certiorari for failure to comply with Rule 39(d) of the Alabama Rules of Appellate Procedure. On May 28, 2014, the Court of Criminal Appeals issued a certificate of judgment as to the Rule 32 petition. (Doc. 8-22; Doc. 8-23).

Mr. Gray filed his federal habeas petition on June 23, 2014, seeking federal habeas relief on the following grounds: (1) denial of his Sixth Amendment right to counsel on direct appeal due to the Court of Criminal Appeals' failure to appoint counsel after his initial appellate counsel withdrew; (2) denial of his Sixth Amendment right to counsel on direct appeal because the *Anders* brief failed to address the ineffective assistance of trial counsel; (3) denial of his right to trial by jury because the state failed to prove the elements of the offense; (4) violation of due process due to the state's failure to comply with the requirements of *Brady v. Maryland*; (5) denial of due process stemming from the sentencing court's failure

4

to instruct the jury as to a lesser included offense; and (6) denial of his right to counsel in the instant § 2254 petition.  (Doc. 1, pp. 7-15).

## II.    ANALYSIS

### A. Exhaustion and Procedural Default

A state prisoner generally is ineligible for federal habeas relief unless he has exhausted the remedies available in the courts of the state of conviction.  *See* 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004).  A state prisoner must pursue a federal constitutional or statutory challenge to his conviction or sentence through one complete round of the state's trial and appellate review process, either on direct appeal or in state post-conviction proceedings, before asking a federal court to hear and resolve the challenge.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007).  When a petitioner has not exhausted his constitutional challenge in state court, and the time for presenting the claim there has expired, the claim is procedurally defaulted, and a federal court generally may not consider the ground for habeas relief.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).

To exhaust a federal challenge in state court, a state court defendant must identify the federal law basis for the challenge to the state conviction or sentence. *Ogle v. Johnson*, 488 F.3d 1364, 1369 (11th Cir. 2007).  "To 'fairly present' a

claim" in state court, a petitioner does not have to "cite 'book and verse on the federal constitution.'" *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)).  But the state court defendant must make the state court aware of the federal challenge.

> A petitioner does not "fairly present" a claim to the state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin* [*v. Reese*, 541 U.S. 27, 32 (2004)].  In other words, "to exhaust state remedies fully the petition must make the state court aware that the claims asserted present federal constitutional issues." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)) (concluding that the petitioner's claims were raised where the petitioner had provided enough information about the claims (and citations to Supreme Court cases) to notify the state court that the challenges were being made on both state and federal grounds.

*Id*.

Additionally, in the process of exhausting state remedies, a state criminal defendant must comply with all "independent and adequate" state procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); § 2254(b), (c).  Failure to properly present claims in state court leads to procedural default on those claims in federal court.  *See O'Sullivan*, 526 U.S. at 848.

> To determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision, this court has set forth the following three-part test: (1) "the last state court rendering a judgment in the case must clearly and expressly state that it is relying

on state procedural rules to resolve the federal claim without reaching the merits of that claim;" (2) the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law;" and (3) the state procedural rule must not be applied in an arbitrary or unprecedented fashion. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

*Mason v. Allen*, 605 F.3d 1114, 1119-20 (11th Cir. 2010) (alterations incorporated); *see also Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1212-13 (11th Cir. 2009).

## 1. Procedurally Defaulted Constitutional Challenges

The Alabama Supreme Court struck Mr. Gray's petition for certiorari regarding his Rule 32 petition because the Alabama Supreme Court found that Mr. Gray's cert petition did not comply with Rule 39(d) of the Alabama Rules of Appellate Procedure. In the one-sentence order striking the petition for certiorari, the Alabama Supreme Court cited only the state procedural rule; there is no citation or discussion of federal law. (Doc. 8-22). Therefore, it appears that the federal bases that Mr. Gray raised in his Rule 32 motion to challenge his state court conviction and sentence are procedurally defaulted.

Mr. Gray contends the Alabama Supreme Court order striking his petition for certiorari was arbitrary and unprecedented. (Doc. 10, p. 5). The Court disagrees. The Alabama Supreme Court's striking of a petition for certiorari under Rule 39 is not unprecedented. *See, e.g. Reed v. Culliver,* 244 Fed. Appx. 304, 307 (11th Cir. 2007); *Maze v. Giles*, No. 11-3933-JFG-JEO, 2013 WL 4045360 at *2

(N.D. Ala. Aug. 9, 2013).   Accordingly, the Alabama Supreme Court's order striking Mr. Gray's petition for certiorari concerning his Rule 32 petition represents an independent and adequate state rule of decision.  *Mason*, 605 F.3d at 1119-20.  Because Mr. Gray did not properly present the Rule 32 petition to the Alabama Supreme Court, this Court may not consider federal challenges presented in the Rule 32 petition.  Therefore, the Court may examine only the arguments that Mr. Gray raised in his direct appeal.  *See O'Sullivan*, 526 U.S. at 848.

### 2. Unexhausted Constitutional Challenges

#### a.   Denial of Counsel on Appeal (Claim Two)

Mr. Gray asserts that he was denied his Sixth Amendment right to counsel on direct appeal because his appellate attorney's *Anders* brief did not address his trial counsel's ineffectiveness.   (Doc. 1, pp. 9-11).  Mr. Gray challenged the effectiveness of appellate counsel in his application for rehearing before the Alabama Court of Criminal Appeals.  (Doc. 8-11).  Specifically, Mr. Gray asserted that: (1) the record on appeal failed to include pre-judgment motions filed by Mr. Gray's first appointed counsel; (2) he had a right to representation on appeal beyond the filing of the *Anders* brief; and (3) the appellate court "misapprehended and violated *Anders* . . . ."  (Doc. 8-11, p. 8).  In support of these claims, Mr. Gray argued that the appellate procedure of his direct appeal violated *Griffin v. Illinois*, 351 U.S. 12 (1956), in that forcing an indigent appellant to seek *pro se* review

amounts to a denial of equal justice. (Doc. 8-11, p. 10). In his application for rehearing, Mr. Gray argued that his appellate counsel should have challenged the effectiveness of his trial counsel. (Doc. 8-11, p. 2). Mr. Gray stated: "Gray[] was ineffectively assisted under [the Sixth Amendment] by appellate counsel failing to raise on his (first) direct appeal nonfrivolous issues of ineffective assistance of counsel at trial." (Doc. 8-11, p. 2). Unlike the other issues that he identified in his application and brief, Mr. Gray did not discuss this issue in his brief or expand upon it in any way in his application beyond the statement quoted above.

Therefore, although Mr. Gray's application for rehearing mentions the Sixth Amendment and his appellate counsel's failure to note trial counsel's deficiencies, Mr. Gray did not develop this challenge. Thus, Mr. Gray provided no "specific factual foundation" that would enable the Court to determine whether the Sixth Amendment theory he presented in state court is the same theory he presents in his federal habeas petition. *Kelley*, 377 F.3d at 1345. Accordingly, Mr. Gray has not exhausted Claim Two of his federal petition.

> b. <u>*Brady* Violation and Lesser Included Offenses (Claims Four and Five)</u>

In Claim Four, Mr. Gray asserts that he was prejudiced by a *Brady* violation. In Claim Five, Mr. Gray contends that he was denied the opportunity to be convicted of a lesser included offense. (Doc. 1, pp. 13-15). Although Mr. Gray mentioned these issues on direct appeal, it was only in the context of criticizing his

trial counsel's performance. (Exhibit A at 2-3) (Counsel "failed to object and raise a [*Brady*] violation when the State in this case has intent[ionally] withheld evidence that is favorable to appellant" and counsel "failed to request a lesser-included offense instruction and a lesser offense of § 13A-8-11 Code 1975," such as §§ 13A-2-20, 13A-2-21, 13A-2-23(2), and 13A-2-25).[4] A substantive claim is separate and distinct from an ineffective assistance of counsel claim based on the substantive claim. *Pietri v. Fla. Dep't of Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011) (citing *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n. 24 (11th Cir. 2005)). Because Mr. Gray did not assert on direct appeal, as he does here, independent claims as to *Brady* or lesser included offenses, Claims Four and Five are unexhausted.

## B. Merits

The Court considers the merits of Claims One and Three in Mr. Gray's habeas petition. Congress has provided that § 2254 relief:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4] In his direct appeal, Mr. Gray seems to have asserted that trial counsel should have asked for the lesser included offenses contained in the accomplice liability statutes: sections 13A-2-23 through 13A-2-25 of the Alabama Code. The Court addresses the merits of this claim in section II.B.2., below.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted).

For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico*, 559 U.S. at 773 (internal quotation marks omitted). The Supreme Court has explained that "[a] state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005).

### 1. Right to Counsel Beyond the *Anders* Brief (Claim One)

Mr. Gray asserts that he was denied his Sixth Amendment right to counsel on direct appeal when the Alabama Court of Criminal Appeals failed to appoint

new counsel after his initial appellate counsel filed an *Anders* brief and withdrew. (Doc. 1, pp. 7-9). The Supreme Court held in *Anders* that, to provide effective assistance of counsel on appeal, it is not enough for a lawyer to simply state he has found no meritorious arguments to press on his client's behalf. 386 U.S. at 742-43. Such a "bare conclusion" is not enough to ensure that the disparities between indigent appellants and those who can afford an attorney are sufficiently leveled in keeping with the guarantees of the Sixth and Fourteenth Amendments. *Id.* Instead, "[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." *Id.* at 744. To comply with this standard, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* Counsel's filing must include a brief referring to anything in the record that might arguably support the appeal. *Id.* When the appellate court agrees, the appellate court may allow counsel to withdraw; when the appellate court does not agree, the appellate court must appoint another lawyer to argue the appeal before the court renders a decision.

In Mr. Gray's case, his attorney filed an *Anders* brief. In the brief, Mr. Gray's attorney summarized the evidence at trial, and, after discussing some portions of the record which might arguably support an appeal, concluded that

there were no meritorious issues. Mr. Gray's attorney moved to withdraw. (Doc. 8-9, pp. 4-9, 13). The appellate court permitted Mr. Gray to identify issues *pro se* and ultimately concluded that none of those issues had merit. (Doc. 8-10, p. 2).

This is the procedure contemplated by *Anders*, and it is all that *Anders* requires. *Anders* does not require an appellate court to appoint new appellate counsel for a criminal defendant after the appellate court releases the defendant's initial appellate counsel pursuant to *Anders* procedures. *See Anders v. California*, 386 U.S. 738, 745 (1967) (if, after reviewing an *Anders* brief, the state appellate court finds that "the case is wholly frivolous," then the state appellate court may permit appellate counsel to withdraw and dismiss the appeal, but if the state appellate court "finds any of the legal points arguable on their merits," then the state appellate court "must, prior to decision, afford the indigent [criminal defendant] the assistance of counsel to argue the appeal.").

In support of this claim, Mr. Gray points to two cases—*Griffin*, 351 U.S. 12, and *Martinez v. Ryan*, 566 U.S. 1 (2012)—but neither changes the result. *Griffin* is a decision which predated *Anders* and does not expand the requirements of *Anders*. 351 U.S. 12. *Martinez* is a recent case which deals with whether ineffectiveness can be defaulted if it is not raised on collateral review. 566 U.S. at 17. This is not the issue here. Accordingly, Claim One fails.

## 2. Sufficiency of the Evidence (Claim Three)

In Claim Three, Mr. Gray asserts that the evidence against him was insufficient to support the guilty verdict. (Doc. 1, pp. 11-12). Mr. Gray argues that there was no legal evidence before the jury because the prosecution used hearsay testimony from police officers about a crime that was committed by Mr. Gray's codefendant, Robert Summers. (Doc. 1, pp. 11-12).[5] The substance of the mismatch Mr. Gray describes between the evidence and the elements appears to be that: (1) Mr. Gray's codefendant, Mr. Summers, was the person under surveillance by the police based on law enforcement's suspicion that Mr. Summers was breaking into vehicles, and (2) the car in which the stolen items at issue were discovered belonged to Mr. Summers. (Doc. 1, pp. 11-12). Because the state had to prove that Mr. Gray, without consent, broke into and entered a vehicle with intent to commit a felony or theft, Mr. Gray asserts that the evidence submitted cannot have supported his conviction. (Doc. 1, pp. 11-12).

The evidence before the jury included the following: a law enforcement officer testified that a car was pulled over because it matched the description of one that had been involved in three vehicle break-ins. (Doc. 8-7, pp. 82-85). Mr. Summers and Mr. Gray were inside the vehicle, and the officer saw a camera and black gloves in plain view. (Doc. 8-7, pp. 85-86). Another officer testified that,

---

[5] As Mr. Gray notes, his attorney objected to the admission of this hearsay evidence. The objections were overruled. (Doc. 1, p. 12).

while following Mr. Gray and Mr. Summers on a tip, he had seen Mr. Gray get out of Mr. Summers's car and look into other vehicles.  (Doc. 8-7, pp. 110-11).  Stolen property was recovered from the vehicle that Mr. Gray and Mr. Summers were riding in together and later from another vehicle that was parked outside Mr. Gray's residence.  (Doc. 8-7, pp. 114-20).  Finally, after being given a *Miranda* warning, Mr. Gray admitted to breaking into the victim's vehicle and stealing the recovered items.  (Doc. 8-7, pp. 140-41).  After the close of the State's evidence, Mr. Gray's trial counsel moved for a judgment of acquittal.  The trial court denied the motion.  (Doc. 8-7, p. 150).

A review of the jury charges reveals the prosecution proceeded on a complicity theory.  As the sentencing court instructed:

> Now in this instance, the State of Alabama contends that Mr. Gray is guilty of the crime of breaking and entering a vehicle unlawfully pursuant to his own conduct.  But the State also alleges that Mr. Gray, the Defendant, is accountable for the conduct of Mr. Robert Summers, and that invokes the law of complicity.

(Doc. 8-16, p. 40).  The state court instructed the jury on the law of complicity.  (Doc. 8-16, pp. 40-41).  Mr. Gray's counsel raised no exceptions to the jury charges.  (Doc. 8-7, p. 167).  The jury returned a guilty verdict against Mr. Gray.  (Doc. 8-7, p. 167).

The proof presented at trial clearly implicated Mr. Gray on both direct and complicity theories of liability as to the charge of unlawfully breaking and entering

a vehicle.  Therefore, to the extent Mr. Gray asserts that the prosecution failed to prove the charge against him, Mr. Gray is unable to show that his conviction: (1) was contrary to, or involved an unreasonable application of, his right to due process and a trial by jury; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  Accordingly, Claim Three fails.

### C. Denial of Counsel in the Instant Proceeding (Claim Six)

Finally, in his petition, Mr. Gray asserts that his trial counsel's failure to appear and to assist in this habeas action violates his (Mr. Gray's) Sixth Amendment right to counsel.  (Doc. 1, p. 15).  There is no constitutional right to the appointment of counsel in a post-conviction proceeding.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  Accordingly, this claim fails.

## III.  CONCLUSION

For all of the foregoing reasons, Mr. Gray's claims are unexhausted, procedurally defaulted, or meritless.  Accordingly, Court denies Mr. Gray's habeas petition (Doc. 1) with prejudice.  Additionally, in accordance with Rule 11 of the Rules Governing 2254 Proceedings, the Court will not provide a certificate of appealability.  A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Based on the conclusions reached in this opinion, a certificate of appealability is not warranted.

A separate order will be entered.

**DONE** and **ORDERED** this September 26, 2017.

MADELINE HUGHES HAIKALA
UNITED STATES DISTRICT JUDGE